## Globe & Rutgers Fire Insurance Company v. Emil Willbrandt Surgical Manufacturing Company.

1. INSURANCE—*policy held not canceled. Held*, from the evidence in this case, that the policy in suit had not been canceled and was a subsisting obligation.

Action in assumpsit. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

KRAMER & KRAMER, H. B. DAVIS and SHERIDAN & SHERIDAN, for appellant; COUDERT BROS., of counsel.

F. A. & L. A. WIND and KEEFE & SULLIVAN, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit in the City Court of East St. Louis, by appellee against appellant, to recover on a fire insurance policy. Trial by the court without a jury, by agreement of parties. Finding and judgment in favor of appellee for $750.

The policy sued on was secured through a firm of insurance brokers of New York City, by the name of Jameson & Frelinghuysen. The policy was number 55,906, for the sum of $750, for the term of one year, from April 2, 1903, to April 2, 1904, on certain fixtures and machinery in a certain building situated in the city of St. Louis, Missouri. The policy contained, among others, the following conditions: "In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." "This policy shall be canceled at any time at the request of the insured, or by the company giving five days' notice of such cancellation; if this policy shall be canceled as hereinbefore provided, or

become void and cease, the premium having been actually paid, the unearned portion shall be returned on surrender of this policy at last renewal, this company returning the customary short rate; except that when this policy is canceled by this company giving notice, it shall retain only the *pro rata* premium."

Upon the trial of the case, appellant admitted that "it issued the policy, and that on the fifteenth day of February, 1904, a fire occurred, and that the insurance upon the property did not equal the value of the property burned, and if entitled to recover anything the plaintiff is entitled to recover the full amount of the policy." And it was "agreed between the parties that the only point involved here, the only question for the court to decide, is the question of whether or not the policy was in force at the time of the fire, including all the collateral questions of law and fact connected with that question." "That is all there is involved."

The undisputed evidence is, that on February 11, 1904, appellant wrote appellee as follows: "We desire to cancel policy No. 55,906, covering on property situated as above, and hereby give you five days' notice required by the terms of the policy. On expiration of such five days' notice the policy will be canceled, and all the liability under the same will cease, and we will, on demand, pay you the *pro rata* amount of premium for the unexpired term thereof;" and that on February 16, 1904, appellant followed up the above notice, by writing to appellee as follows: "We herewith hand you $2.14, being amount of *pro rata* premium for the unexpired term of policy No. 55,906, which has been canceled on our books, in accordance with the notice sent you February 11th, '04, as per terms of said policy."

If the cancellation of the policy rests upon this action on the part of appellant, it is conceded that the policy was in force on February 15th, when the fire and loss occurred.

Appellant claimed on the trial and claims here, that

there was a prior cancellation of the policy. That the policy was in fact canceled on February 11th or 12th, instead of the 16th, as the above quoted communications from appellant to appellee indicate. They base this contention upon certain correspondence that passed between appellee and Jameson & Frelinghuysen, and certain transactions claimed to have occurred between Jameson & Frelinghuysen and appellant.

Jameson & Frelinghuysen were engaged in the insurance brokerage business. Jameson, the senior member of the firm, was also president of the Globe & Rutgers Fire Insurance Company, the appellant company, and these brokers had their offices in the same building with that of appellant company, in the city of New York. Appellee was in the manufacturing business in St. Louis. As above stated he procured the insurance in question through this firm of brokers. As we understand the law, these brokers were the agents of appellant for the purpose of effecting this insurance, but when that was accomplished and the policy delivered to appellee, their agency ceased. There is nothing in the policy, and we think nothing anywhere in the evidence when it is all considered and weighed together, to warrant the conclusion that they were appellee's general agents with respect to this insurance.

On February 3, 1904, appellee received a letter from Jameson & Frelinghuysen, informing it that they were requested by appellant to return appellee's policy for cancellation, under the terms and conditions of the printed portion of the policy, that is, upon appellant giving five days' notice. At the time Jameson & Frelinghuysen wrote this letter they were not in any sense appellee's agents. To this letter appellee made reply on February 9th, enclosing the policy, and saying, "We ask you to kindly credit us with the return premium. Please make us a statement as soon as possible on the condition of our account, when this has been done, and oblige."

This letter made Jameson & Frelinghuysen agents of appellee to surrender the policy upon the terms specified, five days' notice, and collect the return premium. It reached them on the 11th, and they delivered it to appellant on that day, and appellant on that day wrote appellee the five days' notice required by the terms of the policy, as above quoted, and followed it up on the 16th with the final notice, that the policy had been canceled, "as per terms of said policy."

All the parties to the whole transaction gave to every feature of it the natural, lawful and just interpretation as it progressed. Up to February 11th, no five days' notice had been given, and without such notice the insurance company had no right to cancel the policy. This both appellant and appellee knew and acted upon. The fact that Jameson & Frelinghuysen delivered the policy to appellant did not authorize appellant to cancel it without giving the requisite notice.

Counsel insist that the policy was canceled on the books of the company on February 12th, as of the 11th. It is true that the evidence shows that at a long subsequent date, when one of the depositions was being taken to be used on behalf of appellant on the trial of this case, appellant's books contained such an entry, but who made the entry, or when it was made, does not appear. This, however, is not very material, for the evidence fails to show that any one had authority to make such entry and bind appellee by it.

The judgment of the City Court of East St. Louis is affirmed.

*Affirmed.*